IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS,<br>　　　　Plaintiff,<br>　v.<br>PATTERN BRANDS, LLC,<br><br>　　　　Defendant. | LEAD CASE<br>23cv0018<br>ELECTRONICALLY FILED |
| BLAIR DOUGLASS,<br>　　　　Plaintiff,<br>　v.<br>TRIFECTA NUTRITION, INC.<br><br>　　　　Defendant. | Member Case<br>23cv0097<br>ELECTRONICALLY FILED |

**MEMORANDUM ORDER**

Before the Court is a motion for reconsideration filed by Defendant, Trifecta Nutrition, Inc. ("Trifecta"). ECF 138. Trifecta wants this Court to reconsider its previous order granting Plaintiff's request to be excused from personally attending the mediation with Trifecta representatives. See ECF 126. Plaintiff has responded to Trifecta's motion for reconsideration. ECF 140. The Court will DENY Trifecta's motion for the reasons set forth below.

Plaintiff's motion to excuse Plaintiff from personally attending the mediation with Trifecta noted the following:

> Since 2016, this Court has consistently excused plaintiffs from attending mediation in identical digital accessibility claims. *See Douglass v. Pattern Brands, LLC*, No. 2:23-cv-00018, Doc. 119 (W.D. Pa. May 2, 2023) ("[I]t is hereby ORDERED that Plaintiff is excused from appearing live, "in person" at the mediation scheduled for May 24, 2023. Plaintiff's counsel are sufficiently experienced in litigating digital accessibility claims to ensure, at least from Plaintiff's perspective, that mediation is productive. ADR is NOT for the purpose of conducting informal discovery. And numerous other similar cases all have been settled without the presence of the named plaintiff.") (emphasis in original); see also *Sipe v. Toys "R" Us-Delaware, Inc.*, No. 2:15-cv-01000-AJS, Doc. 48 (W.D. Pa. Jan. 26, 2016) (similar); *Depina v. Bebe Stores, Inc.,* No. 2:16-cv-00630-AJS, Doc. 126 (W.D. Pa. Sept. 19, 2016) (similar).

ECF 125.  Like it had in the previous website-accessibility cases, this Court granted Plaintiff's motion, thereby excusing Plaintiff from personally attending a mediation with Trifecta.  See ECF 126.  In addition, the Court had also granted Plaintiff's previous motion to excuse Plaintiff from attending a mediation in this consolidated matter with another defendant, Puritan's Pride Inc.  See ECF 114 and ECF 119.

In its motion for reconsideration, Trifecta argues that "Plaintiff's physical attendance and meaningful participation in this action is crucial to determine the purported barriers that Plaintiff allegedly experienced while interacting with Defendant's website."  ECF 138.  Trifecta's Motion also claims that "Defendant is not seeking Plaintiff's participation as an expert witness in website remediation, technical standards, and/or any other expert capacity as alleged in Plaintiff's motion" but rather, "Plaintiff's purported status as a bona fide patron of Defendant's website makes Plaintiff uniquely able to describe the alleged barriers he claims to have experienced when interacting with Defendant's website."  Id.

These claims made by Trifecta in its motion are substantially similar, if not, identical, to those raised by a defendant in the *Depina* case.  The Court denies Trifecta's current motion noting that its attempt to have Plaintiff "describe the alleged barriers he claims to have experienced" while interacting with Trifecta's website, is an improper attempt to obtain discovery.  The mediation process is a process by which the parties attempt to resolve a legal dispute with the assistance of neutral mediator, and is not part of the discovery process.

For these reasons the Court hereby **DENIES** Trifecta's motion for reconsideration filed at ECF 138.

**SO ORDERED** this 11$^h$ day of May, 2023.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record